# Birmingham Ry. Light & Power Co., v. Ryan.

*Action for Damages for Personal Injuries to Person on Track.*

(Decided May 30th, 1906. 41 So. Rep. 616.)

1. *Street Railroads; Personal Injury; Pleading; Allegation of Negligence.*—A count alleging that the servants or agents of defendant is charge of its car so negligently conducted himself while acting in the line or scope of his employment as to run said car against plaintiff's intestate and kill him, is sufficient, and not subject to demurrer as a conclusion of the pleader, or as failing to state facts showing negligence.

2. *Same; Instructions.*—A charge, in an action for injury from negligence, which asserts that whether or not the motorman in

charge of the car was guilty of negligence depended upon whether he acted as a reasonably careful motorman would have done under the same circumstances, and that if the motorman should, by reason of excitement or otherwise, do something or fail to do something which an ordinarily prudent motorman would have done or failed to do, under the circumstances, he would be negligent, while perhaps misleading in its tendencies, does not constitute reversible error.

3. *Same.*—A charge in an action for injuries received upon the track of a street railroad, asserting that even though the deceased went upon the track so near the car that the motorman could not stop in time to avoid knocking him down, yet, if the motorman, after becoimng aware of his peril, could have avoided killing intestate, the act of intestate in going on the track would not be the proximate cause of the injury, states a correct abstract proposition and its giving was not reversible error.

4. *Same; Injury to Persons on the Track; Failure to Stop and Look and Listen.*—If a person goes on the track of a railroad in near proximity to an approaching car without stopping and looking and listening, and is killed by the car, the presumption is that his conduct contributed to his death.

5. *Same; Proximate Cause.*—The mere fact that intestate was guilty of negligence in going on the track of the street railroad close in front of an approaching car does not, as a matter of law, render his conduct the proximate cause of his being struck by the car; subsequent negligence of defendant's servants may have intervened.

6. *Negligence; Willful or Wanton Conduct.*—Defendant's agents or servants may have been guilty of willful or wanton misconduct without actual intention to injure, and if they were guilty of willful or wanton conduct, the contributory negligence of intestate would constitute no defense to same.

7. *Trial; Instructions; Ignoring Evidence.*—Charges which ignore portions of the evidence are properly refused.

APPEAL from Birmingham City Court.

Heard before HON. CHARLES W. FERGUSON.

This was an action by the administrator of Conrad Richwein, suing to recover damages for the negligent killing of the intestate by appellant. The complaint contained but two counts. Count 1 was in the following language: "Plaintiff claims of the defendant $25,000 as damages, for that heretofore, to-wit, on the 21st day of September, 1901, the defendant was oper-

ating a street car by electricity upon a railway upon and on grade with a public highway in the city of Birmingham, Ala., to-wit, upon First avenue at or near its intersection with Twentieth street, in said city, and on said day defendant's servant or agent in charge of or control of said car, acting within the line and scope of his employment as such servant or agent, so negligently conducted himself that as a proximate consequence thereof said car ran upon or against said intestate upon said highway at or near its intersection with Twentieth street, in said city, and so injured him that he died." Count 2 contained the same allegations of negligence, but alleged that these injuries were wantonly, wilfully, or intentionally inflicted.

The demurrers appear in the opinion. The defendant filed pleas 1, 2, and 3, which are the general issue, and special pleas 4 and 5, alleging contributory negligence, in that deceased stepped on the track immediately in front of a moving train of cars and as a proximate consequence sustained the injuries complained of, and that he negligently attempted to board a moving car. Afterwards defendant filed the sixth plea: "For a further answer to the first count of the complaint, defendant says that plaintiff's intestate was guilty of negligence which proximately contributed to his injury and death, in this: that he negligently went upon or in close proximity to the defendant's said track without stopping or looking or listening."

The evidence for the plaintiff tended to show that the plaintiff was struck as he was crossing First avenue between Twentieth and Twenty-First street; that the car was running about 10 miles an hour ;that plaintiff's intestate was almost across the track when the motorman hallooed, "Look out!" when intestate turned his face toward the car and was struck. There were two cars in the train, and they ran the distance of both cars after striking him. The evidence tended to show for plaintiff that the motorman did not ring the gong or try to stop the car until after it struck plaintiff's intestate. The evidence for the defendant tended to show that the bell was ringing as the car approached, when the defendant stepped up to the car and tried to board it with a bun-

dle in his hand. He stepped almost in front of the car. And other evidence tended to show that the plaintiff's intestate attempted to cross the track immediately in front of the moving car, and other evidence tended to show that the motorman did all he could to stop the car after discovering the danger.

The plaintiff asked the following written charges, which were given: "(1) Whether a motorman was guilty of negligence or not depends upon whether he acted as a reasonably prudent and careful motorman would have done under the same circumstances. (2) If a motorman should, by reason of excitement or otherwise, do something or fail to do something which an ordinary cautious and prudent motorman would not have done or failed to do under the same circumstances, then the doing or failing to do that thing would be negligence. (3) Even though the jury should believe from the evidence that Conrad Richwein did go on the track so near the car as that the motorman could not stop in time to avoid knocking him down, yet if the jury are reasonably satisfied from the evidence that after the motorman became aware of his peril the motorman, by the diligent and careful use of all the means at command, could have avoided the death of Richwein, then the act of Richwein in going or being on the track in front of the cars would not be the proximate cause of the death, and the plaintiff would be entitled to a verdict under the first count, or simple negligence count, if the jury are reasonably satisfied from the evidence that the said first count is true. (4) Even if Richwein was guilty of negligence which proximately helped to cause his own death, then plaintiff would be entitled to a verdict if the jury are reasonably satisfied from the evidence that the second count is true. To prove the second count, it is not necessary to prove that the motorman had any actual intent to injure Richwein or anybody else. (5) It is not necessary to a recovery by plaintiff under either the first or the second count of the complaint that the motorman should have had any actual desire to injure Conrad Richwein or any one else. (6) If the jury are reasonably satisfied from the evidence that the first count of plaintiff's complaint is

true, which count charges simple negligence only, then plaintiff's case is made out, and the verdict of the jury must be for the plaintiff, unless the jury are reasonably satisfied from the evidence that Richwein was himself guilty of negligence which approximately contributed to his death. (7) The mere fact, if it be a fact, that Conrad Richwein was guilty of negligence in going or being on the track in close proximity to an approaching car would not necessarily as a matter of law be the proximate cause of his death; but the question as to what was the cause of his death is for the jury."

The following charges were requested by the defendant, and refused by the court: "(1) If you believe from the evidence that, as soon as Richwein got upon the track in front of the car, the motorman did all he could to stop the train or car, you must find for the defendant. (2) If you believe from the evidence that, as soon as Richwein got upon the track in front of the car, the motorman did all he could to stop the train of cars, that the train was then running two or three miles an hour, you must find for the defendant. (3) I charge you that under the undisputed evidence the plaintiff's intestate was guilty of contributory negligence. (4) If you believe from the evidence that, as soon as the motorman discovered Richwein on the track in front of the car, he made an effort in good faith to stop the car, and endeavored to do all he could to avoid injuring Richwein, you cannot find for the plaintiff under the second count of the complaint. (5 ) If you believe from all the evidence that, as soon as Richwein got upon the track in front of the car, the motorman did all he could to stop the car, you must find your verdict for the defendant. (6) I charge you that you cannot under the evidence in this case find that the motorman was guilty of simple negligence after Richwein got into a position of peril on the track in front of the car. (7) If you believe, after a fair consideration of the evidence, that the motorman did everything he could do to stop the car as soon as Richwein got on the track in front of the car, it is your sworn duty to render your verdict in favor of the defendant." "(9) If you believe, after a fair consideration of all this evidence, that the motor-

man did everything that he could do to stop the car after Richwein got on the track in front of the car, you must render your verdict in favor of the defendant." "(12) If you believe, from all the evidence, that the motorman of the car did everything he could do to stop the car after plaintiff's intestate got on the track, you cannot find for the plaintiff under the second count of the complaint. (13) If you believe from all the evidence that the motorman of the car did everything that he could have done to stop the car after plaintiff's intestate got on the track, you cannot find for the plaintiff under the second count of the complaint." "(19) If you believe from the evidence that Richwein went upon the track in front of the car when the car was so close to him that the car could not have been stopped before striking him and knocking him down and injuring him, you must find for the defendant." "(24) If you believe from the evidence Conrad Richwein got upon the track in front of the car four or five feet from the car, you cannot find for the plaintiff under the second count of the complaint. (25) If you believe from the evidence that Conrad Richwein got upon the track in front of the car four or five feet from the car, that it was then impossible for the train of cars to have been stopped before the said Richwein was struck down, you must find for the defendant." "(27) If you believe from the evidence that when Richwein got upon the track in front of the car there was not time to avoid striking him with the car and knocking him down, you must find for the defendant."

The court gave, among other charges, the following charge, marked 4, at the request of the defendant: "(4) If you believe from the evidence that, as soon as Richwein got upon the track in front of the car, the motorman did all he could to stop the train or car, and that the car was then running over two or three miles an hour, you must find for the defendant."

There was verdict for the plaintiff, and defendant appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —Plaintiff was guilty of contributory negligence as a

matter of law, for the conclusion from the evidence is inevitable that he did not look or that he looked and was mistaken as to his ability to cross before the cars reached him.—*Birmingham Ry. L. & P. Co. v. Oldham*, 37 So. Rep. 452. The court erred in overruling the demurrer to the 1st count.—*Ensley Ry. v. Chewning*, 93 Ala. 24. The court erred in giving the 1st, 2nd and 3rd charges requested by the defendant.—*Birmingham R. L. & P. Co. v. Brantley*, at present term; 11 A. & E. Ency. P. & P. Counsel discuss other assignments of error but cite no authority.

Bowman, Harsh & Beddow, for appellee.—Both counts of the complaint were good as against the demurrers interposed.—*L. & N. R. R. Co. v. Marbury L. Co.*, 125 Ala. 237; *M. & O. R. R. Co. v. Thomas*, 42 Ala. 672; *Armstrong v. Montgomery St. Ry. Co.*, 123 Ala. 244; *Postal Tel. Co. v. Jones*, 133 Ala. 225; *C. of G. Ry. Co. v. Foshee*, 125 Ala. 226; *Russell v. Huntsville L. & P. Co.*, 137 Ala. 628. Charges 3 and 7 given for plaintiff announce the doctrine of subsequent negligence and were good.—*McGhee v. Willis*, 134 Ala. 292; *L. & N. R. R. Co. v. Mudd*, 30 So. Rep. 830; *C. of G. Ry. Co. v. Lamb*, 124 Ala. 172; *C. of G. Ry. Co. v. Foshee*, 125 Ala. 218; *L. & N. R. R. Co. v. Brown*, 121 Ala. 222. The 4th and 5th charges were properly given.—*L. & N. v. Orr*, 121 Ala. 504. Counsel discuss other assignments of error but cite no authority.

HARALSON, J.—The first count in the compliant is one averring simple negligence, and under our decisions it sufficiently avers the negligence of the defendant in killing the deceased, and was not subject to the demurrer interposed,—that the averment of negligence is a mere conclusion of the pleader, and fails to show what constituted the negligence complained of, or to set forth any facts from which that negligence can be inferred.—*Glass v. M. & C. R. R. Co.*, 94 Ala. 588, 10 South. 215; *W. R. Co. v. Lazarus*, 88 Ala. 456, 6 South. 877; *Stanton v. L. & N. R. R. Co.*, 91 Ala. 384, 8 South. 798; *Russell v. Huntsville R. L. & P. Co.*, 137 Ala. 631, 34 South. 855.

Charge 1 for plaintiff was, perhaps, misleading, but this, if true, is not reversible error. It would have been better, for the court to charge the jury as to what were the duties of the motorman, when acting under the same circumstances that this one acted under, and leave it to them to determine whether the duty was not performed in a reasonably prudent and careful manner. These observations apply with equal force to charge 2, which, at most, was misleading.

Charge 3 for plaintiff asserts a correct proposition of law, and if it be abstract, this would not operate to constitute reversible error.

The fourth and fifth charges for plaintiff appear to be proper instructions. Wantonness overcomes contributory negligence, and a party may be guilty of wanton or wilful misconduct without having the actual intent to do the thing which causes the negligence.—*Birmingham Ry. & Elec. Co. v. Pinckard,* 124 Ala. 372, 26 South. 880.

The sixth charge states a legal truism. As a matter of law, if one goes on the track of a railroad in close proximity to an approaching car without stopping, looking and listening, and is run over and killed by the car in the absence of an intervening cause, it must be presumed his conduct contributed to his death.

Charge 7 was correct. It is not always the case that negligence in going on the track is the proximate cause of injury. There may be subsequent negligence of the defendant that is the proximate cause.

Charges 1, 4, 5, 7, 9, 12, 13, 19, 24, 25 and 27, requested by the defendant, were properly refused. These charges all ignore the evidence tending to show wantonness of the defendant's servant in running the car at a rapid rate of speed over a very populous crossing, without signals of approach. A. E. Denham, witness for plaintiff, testified: "Lots of people cross along there. More people cross there, Saturday night, I believe, than any time in the week. I suppose, that it is the most populous thoroughfare in Birmingham. I never heard the motorman right the bell before he struck Richwein. I never heard him ring at all. He did not ring any gong. He ran the car over First avenue over 10 miles an hour." There

[So. Ry. Co. v. Patterson.]

was other evidence corroborating that of this witness. The evidence also tended to show, that the motorman knew the character of the place and the frequency with which people were accustomed to pass.—*Birmingham Ry.·& Elec. Co. v. Jackson,* 136 Ala. 280, 34 South. 994; *Alabama G. S. R. Co. v. Guest,* 136 Ala. 384, 34 South. 968, and *Central of Georgia Ry. Co. v. Partridge,* 136 Ala. 587, 34 South. 927.

Charges 2, 8, 11, 14, 15 and 26, refused to defendant, were substantial duplicates of charge marked 4 on page 8 of transcript, and those marked 3 and 7 on page 9.

Charge 3, if technically correct, tended to mislead, in that it ignores all reference to the evidence tending to show wantonness or willfulness on the part of the motorman.

And the same thing is true of charge 6. If the jury might have found that the motorman was not guilty of simple negligence under the conditions hypothesized, yet, under the evidence, they might have found him guilty of wantonness or wilfulness.

What has been said disposes of all the errors assigned, insisted on in argument.

Affirmed.

WEAKLEY, C. J., and DOWDELL and SIMPSON, JJ., concur.