### SCOTT v. LOUISVILLE & N. R. CO.
#### (5 Div. 945.)

Supreme Court of Alabama. Oct. 20, 1927.

Rehearing Granted Dec. 8, 1927. Rehearing Denied Jan. 28, 1928.

**1. Negligence ☞139(3)—Refusal of requested charge that wantonness did not constitute or amount to murder held not error.**

In action to recover for death at railroad crossing, while wanton killing need not amount to murder, there was no error in refusing plaintiff's charge that wantonness did not constitute or amount to murder, since charge of murder was not involved.

**2. Trial ☞260(8)—Refusal of charges on wantonness held not error, where wantonness was fairly defined in oral charge.**

In action for death at railroad crossing alleged to have been caused by wanton or willful conduct of defendant's servants, refusal of plaintiff's charges that intent or will to injure was not necessary to constitute wantonness was not error, where oral charge fairly defined wantonness.

**3. Trial ☞260(1)—Refusal of charges covered by oral charge held not error.**

Refusal of charges which were fully covered by the oral charge was not error.

**4. Appeal and error ☞1068(1)—Error, if any, in charge that fireman was not guilty of wanton killing, held harmless, in view of verdict for defendant as to engineer.**

In action for death at railroad crossing alleged to have been caused by wanton or willful conduct of defendant's servant's error, if any, in charge that the fireman of the locomotive was not guilty of wantonly, willfully, or intentionally killing intestate, was rendered innocuous by verdict for defendant acquitting engineer of negligence, where, under facts, there was no duty chargeable to the fireman that could not have been discharged by the engineer.

**5. Railroads ☞351(23)—Charge that, unless locomotive engineer knew that his act or failure would result in injury, jury could not find wantonness, held proper.**

In action for death at crossing, where plaintiff had to rely on engineer's conduct to establish wantonness or willfulness, it was proper to charge that, unless jury believed from evidence that engineer acted, or failed to act, with knowledge that his act or failure to act would result in injury, they could not return verdict for plaintiff on count for wantonness.

**6. Railroads ☞351(23)—Charge that, unless engineer acted with knowledge that his failure to act would probably cause injury, held to properly define "wantonness."**

In action for death at railroad crossing on count for wanton or willful conduct of defendant's servants, charge that, if the engineer acted, or failed to act, with knowledge and present consciousness that act or failure to act would probably result in injury to third person, *held* properly to define "wantonness."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wantonness.]

**7. Trial ☞237(3)—Charge that, unless jury believed evidence, they could not find for plaintiff, held not error as requiring too high degree of proof.**

Charge that, unless jury believed evidence, instead of being merely satisfied, they could not find for plaintiff on count for wanton injury, *held* not error because it required them to believe evidence.

**8. Witnesses ☞393(1)—Refusal of question as to witness' testimony at former trial, without showing facts were brought to witness' attention at former trial, held proper.**

In action for death at railroad crossing, where testimony of defendant's engineer as to obstructions interfering with his vision was brought out on cross-examination, and when using photographs of scene of injury, refusal to permit plaintiff to ask witness if he testified on former trials that a depression affecting his view existed *held* not error, where it was not shown that such facts were brought to witness' attention at former trial, since, unless that was done, omission was not inconsistent with his present testimony, and not an impeachment.

**9. Witnesses ☞393(1) — Refusal to permit plaintiff to interrogate witness as to testimony on former trial held discretionary.**

In action for death at railroad crossing, declining to permit plaintiff to ask defendant's witness if he testified on former trial that depression existed which affected his view of the crossing was within trial court's discretion.

#### On Rehearing.

**10. Appeal and error ☞1067—Trial ☞145—Failure in oral charge to eliminate contributory negligence from case entitled plaintiff to charge thereon, and refusal of his charges was prejudicial error.**

In action for death at railroad crossing, alleged to have been caused by wanton and willful conduct of defendant's servants, where contributory negligence was eliminated by amendment of pleadings, failure to instruct jury in oral charge that defense of contributory negligence could not be considered entitled plaintiff to charge thereon, and refusal of his charges that contributory negligence of driver could not be considered in determining defendant's liability was prejudicial error.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Action by J. D. Scott, as administrator of the estate of G. B. Scott, deceased, against the Louisville & Nashville Railroad Company, for damages for wrongful death of decedent, alleged to have been caused by the wanton or willful conduct of defendant's agents or servants in running a train against the automobile in which decedent was riding. From

---

a judgment for defendant, plaintiff appeals. Reversed and remanded on rehearing.

The following charges were given at defendant's request:

"C. I charge you, gentlemen of the jury, that the fireman, Richard Arrington, was not guilty of wantonly, willfully, or intentionally killing intestate."

"(27) Unless the jury believes from the evidence that, on the occasion of intestate's injury, Snyder acted, or failed to act, with a knowledge and a present consciousness that such act or failure to act would probably result in injury to intestate or some one, then the jury cannot return a verdict for the plaintiff under the count of his complaint which alleges that intestate was wantonly injured and killed."

These requested charges were refused to plaintiff:

"(1) The court charges the jury an intent to injure is not necessary to constitute wantonness.

"(2) The court charges the jury a will to injure is not necessary to constitute wantonness."

"(7) The court charges the jury that the contributory negligence of Mr. Scott, the driver of the automobile, cannot be considered by the jury in determining the liability of the defendant.

"(8) The court charges the jury that no contributory negligence of plaintiffs' intestate would be an answer to the conduct charged in count 8 of the complaint."

J. O. Middleton, of Montgomery, for appellant.

It was as much the duty of the fireman to see that warning signals were given as it was that of the engineer. Herring v. L. & N., 195 Ala. 436, 70 So. 749; Snider v. A. G. S., 210 Ala. 122, 97 So. 209; A. G. S. v. Sanders, 203 Ala. 58, 82 So. 17. Charges 1 and 2, requested by plaintiff, should have been given; the elements therein being necessary to a correct definition of wantonness. B. R., L. & P. Co. v. Landrum, 153 Ala. 204, 45 So. 198, 127 Am. St. Rep. 25; Southern Ry. Co. v. Benefield, 172 Ala. 592, 55 So. 252, 35 L. R. A. (N. S.) 420; B. R. & E. Co. v. Bowers, 110 Ala. 331, 20 So. 345; B. R., L. & P. Co. v. Ryan, 148 Ala. 76, 41 So. 616; A. G. S. v. Burgess, 119 Ala. 563, 25 So. 251, 72 Am. St. Rep. 943; A. G. S. v. Williams, 140 Ala. 238, 37 So. 255; Feore v. Trammel, 212 Ala. 325, 102 So. 533; L. & N. v. Calvert, 170 Ala. 572, 54 So. 184; Southern Ry. Co. v. Wooley, 158 Ala. 452, 48 So. 369; M. & C. R. Co. v. Martin, 117 Ala. 382, 23 So. 231; L. & N. v. Orr, 121 Ala. 504, 26 So. 35; L. & N. v. Anchors, 114 Ala. 499, 22 So. 279, 62 Am. St. Rep. 116. Charge 27 was erroneously given for defendant. The degree of proof is incorrectly stated; it does not refer the jury to the whole evidence, and confines the inquiry to Snyder's conduct. Herring v. L. & N., supra; A. G. S. v. Sanders, supra; Snider v. A. G. S., supra; Oliver's Garage v. Lowe, 212 Ala. 603, 103 So. 586; Going v. Ala. S. & W. Co., 141 Ala. 550, 37 So. 784;

Ala. Min. R. Co. v. Marcus, 115 Ala. 395, 22 So. 135; Birmingham Union R. Co. v. Hale, 90 Ala. 10, 8 So. 142, 24 Am. St. Rep. 784; L. & N. v. Webb, 97 Ala. 310, 12 So. 374; C. of G. v. Partridge, 136 Ala. 596, 34 So. 927. Charges to the effect that, in order for defendant to be liable, the killing of decedent need not amount to murder, were erroneously refused. Pilcher v. State, 16 Ala. App. 237, 77 So. 76; B. R. & E. Co. v. Bowers, supra; A. G. S. v. Burgess, supra; A. G. S. v. Williams, supra; B. R., L. & P. Co. v. Ryan, supra. A witness may testify that a crossing was often used. A. G. S. v. Guest, 136 Ala. 348, 34 So. 968; Grauer v. A. G. S., 209 Ala. 568, 96 So. 917; Id., 212 Ala. 197, 102 So. 127; 22 C. J. 566; Charles v. Stickney, 50 Ala. 88; Ætna L. I. Co. v. Davey, 123 U. S. 742, 8 S. Ct. 331, 31 L. Ed. 315. Plaintiff should have been permitted to examine Snyder as to his testimony on former trial. 40 Cyc. 2705, 2706.

Lawrence F. Gerald, of Clanton, Eyster & Eyster, of Albany, and A. A. Griffith, of Cullman, for appellee.

Plaintiff's requested charges as to contributory negligence and murder were abstract, and those as to will or intent to injure were on a negative proposition. The oral charge of the court fully covers wantonness. The refused charges were properly refused. Grace v. U. S. (C. C. A.) 4 F.(2d) 662; L. & N. v. Dumas, 209 Ala. 324, 96 So. 243; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 279. There was no error in giving charge 27 for defendant. Farmers' Bank v. Hollind, 200 Ala. 371, 76 So. 287; Peters v. Southern Ry. Co., 135 Ala. 533, 33 So. 332. Appellee was clearly entitled to the affirmative charge. L. & N. v. Heidtmueller, 206 Ala. 29, 89 So. 191.

ANDERSON, C. J. This case was tried on count 8, a wanton or willful one, and as to which contributory negligence was not, and could not have been, properly pleaded. Therefore there was no error upon the part of the trial court in refusing the plaintiff's requested charges dealing with contributory negligence which was in no sense an issue in the case, notwithstanding some of the proof, which was a part of the res gestæ, may have had a tendency to show contributory negligence on the part of the plaintiff's intestate.

[1] It is true that a wanton killing need not amount to murder, but there was no error in refusing the plaintiff's requested charges to the effect that wantonness did not constitute or amount to murder. There was no charge of murder involved, and this line of charges had no proper bearing upon the case.

[2] Charges 1 and 2, refused the plaintiff, recite the truth and the law as an intent to injure is not necessary to constitute wanton-

ness, but the trial court fully and fairly defined wantonness in the oral charge. The court was only required to state what did, and not what did not, constitute wantonness. The cases of B. R. P. Co. v. Ryan, 148 Ala. 76, 41 So. 616, and A. G. S. R. R. v. Williams, 140 Ala. 238, 37 So. 255, simply hold that there was no error in giving charges with similar expressions, but they, nor any other case that we have found, hold that the refusal of such charges would be reversible error.

[3] The charge, which we number 9, and which was refused the plaintiff, was fully covered by the oral charge.

[4] There was no error in giving charge C at the request of the defendant, or, if there were, it was rendered innocuous by the verdict of the jury. True, though Arrington was only the fireman, and Snyder, the engineer, was in charge of the engine, under the previous decisions of this court this did not relieve the fireman from discharging certain duties under certain circumstances to conserve the safety of persons upon the track. Snider v. A. G. S. R. R., 210 Ala. 119, 97 So. 209; A. G. S. R. R. v. Sanders, 203 Ala. 58, 82 So. 17; Herring v. L. & N. R. R., 195 Ala. 436, 70 So. 749. As, for instance, when he saw one in danger, and the engineer did not, or when the engineer did, and did not or could not act, then it would be his duty to act, if by doing so the injury could be avoided. But the record in this case relieves Arrington of wantonness for a failure to act after a discovery of peril. He said, and his testimony was not disputed, that he did not discover the automobile until the train was within 50 feet of same, and it was within 6 feet of the track. Indeed, it seems that Arrington did not discover the automobile until the engineer "put on the emergency." Therefore there was nothing for Arrington to have done to have averted the injury. Of course, there is also a wanton theory in the case based on the facts that the injury occurred at a populous road crossing; that the train was going at a rapid rate of speed; that conditions were known to the engineer, and he approached the crossing without giving the proper signals or warnings. It may be conceded that all these facts existed without controversy, except as to the signals, and, if the signals were not given, the engineer would have been guilty of wantonness under these circumstances, but the jury, in effect, acquitted the engineer of wantonness as for a failure to give the signals or for any other dereliction amounting to wantonness, and the duty to give the signals rested primarily upon the engineer, and only secondarily upon the fireman, especially in view of the undisputed evidence that the engineer had an automatic bell ringer, and was also in control of the whistle. In other words, there was no duty or neglect

217 ALA.—17

under the facts of this case chargeable to Arrington as to signals that could not, and should not, have been discharged by Snyder, the engineer.

[5-7] There was no error in giving charge 27 at the request of the defendant, for, as pointed out in dealing with charge C, Arrington could not be guilty of wantonness, unless Snyder was as to the warning, and there was no proof to place wantonness on Arrington for a conscious failure to act after discovering the intestate's peril. So the plaintiff had to rely upon the conduct of the engineer alone in establishing count 8. We also think that the charge properly defines wantonness, and there was no proof of the alternate charge of a willful or intentional wrong. Peters v. So. Ry. Co., 135 Ala. 537, 33 So. 332; M. & O. R. R. v. Martin, 117 Ala. 367, 23 So. 231; Montg. St. R. R. v. Rice, 142 Ala. 674, 38 So. 857. The insistence that the charge required too high a degree of proof because it required the jury to believe instead of being reasonably satisfied is without merit (Conway v. Robinson [Ala. Sup.] 113 So. 531 [1]), wherein the cases that heretofore drew a distinction between the terms have been explained and qualified. See, also, Birmingham Belt R. R. v. Nelson, 216 Ala. 149, 112 So. 422.

[8, 9] The testimony of the witness Snyder as to the causes or obstacles which interfered with his vision was brought out on cross-examination, and when using the photographs of the scene of the injury, and the trial court cannot be reversed for declining to let the plaintiff ask if he testified upon the former trial or trials that a depression existed which affected his view, or if certain switches existed which tended to influence his vision or lookout. It was not made to appear that these facts were brought to the attention of the witness upon the former trial, and, unless that was done, an omission was not necessarily inconsistent with his present testimony, and not an impeachment. 40 Cyc. 2705. At least, this was a question largely within the discretion of the trial court. Becker v. Haynes (C. C.) 29 F. 441.

A discussion in detail of the other assignments of error, growing out of the rulings upon the evidence, can serve no useful purpose, as many, if not all, were free from error, and, if there were technical error as to some of them, it was without injury, as the answers would not have been injurious in some instances, and the plaintiff got the full benefit of same by undisputed facts. For instance, the defendant's engineer testified that the train was going 35 or 40 miles an hour, "nearer 40," and the frequency with which the crossing was used at the hour of the injury was not seriously controverted. Moreover, the jury had before

[1] 216 Ala. 495.

them accurate photographs of the surroundings.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.

### On Rehearing.

ANDERSON, C. J. [10] In the first discussion, in the original opinion, dealing with contributory negligence, the elimination of which was sought by appellant's refused charges 7 and 8, we should have more accurately stated that contributory negligence was not involved, after the complaint was amended so as to contain only count 8, and when the case was finally submitted to the jury, as the amendment of the complaint automatically struck out all pleas to the counts that were stricken. We still think, even if there was, as a part of the res gestæ, evidence tending to show contributory negligence, that, while the charges could have been well given, it was not reversible error to refuse them. But, upon a reconsideration of the cause, we find that there was evidence showing contributory negligence independent of the res gestæ and made the basis of one or some of the special pleas; that is, the defective condition of the intestate's car. This evidence seems never to have been excluded, and could not have been successfully objected to when received under the pleading as it existed before the last amendment. While the court and lawyers doubtless knew that the last amendment eliminated contributory negligence, the lay mind of the jury may have thought that this issue was still before them, and the failure of the trial court to instruct the jury in the oral charge that this defense was not to be considered entitled the plaintiff to charges 7 and 8, and the refusal of which was probably prejudicial to the plaintiff.

We adhere to the rest of the opinion, but, as above pointed out, the trial court erred in refusing charges 7 and 8, and the rehearing is granted, the judgment of affirmance set aside, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.