JENNIE WISE, Appellant, v. MURIEL NOVACK COLEMAN, Respondent, No. 41676—230 S. W. (2d) 870.

Division Two, June 13, 1950.

H. D. Olian and John W. Joynt for appellant.

*Moser, Marsalek, Carpenter, Cleary & Carter* and *Lee M. Carter* for respondent.

BOHLING, C.—Jennie Wise sued Muriel Novack Coleman for $25,000 damages on account of injuries sustained in an automobile accident. Plaintiff has appealed from a judgment for defendant. She assigns error in the refusal of her instruction No. A, and claims

defendant's instructions Nos. II and III were erroneous because of said refusal.

Plaintiff was defendant's guest on an automobile trip from St. Louis to the Atlantic ██ coast and return. Defendant's son did practically all of the driving; but on the return trip and while defendant was driving the automobile an accident occurred about noon on June 17, 1947, in the State of Indiana and plaintiff was injured. Plaintiff brought her suit under the Indiana Guest statute (Ind. Acts 1937, p. 1229, Ch. 259, § 1; Burns Ind. Stat., 1940 Replacement, § 47-1021; Ind. Stat., Baldwin's Supp., 1937, § 11265), which authorizes a recovery by a guest in an automobile for injuries when "caused by the wanton or wilful misconduct" of the operator.

Plaintiff's evidence was to the following effect. Defendant first operated the automobile at a speed of 40 miles an hour but increased it to 70 miles an hour. Plaintiff remonstrated, and defendant slackened the speed of the automobile, but soon had the speed again up to 70 to 75 miles an hour. Plaintiff would remonstrate and defendant would slacken the speed. This occurred several times. About a minute or two after plaintiff had repeated her request that the speedometer be kept under 75, defendant took her hand off the steering wheel, opened her purse, took out a cigarette, put it in her mouth, reached for the lighter on the dashboard just as the automobile was entering a curve; and defendant "missed the curve," causing the automobile to leave the highway and plaintiff to be injured.

According to defendant, they were traveling on a two-lane concrete highway. She denied that she was preparing to smoke or that she was reaching for the lighter at the time of the accident. She testified she had both hands on the steering wheel, that they were traveling about 55 miles an hour and entering a slight "S" curve; and the automobile pulled to the right as if it were dragging heavily, and the two wheels on the right side went on to the gravel; that she pulled as hard as she could and brought the automobile back on the pavement "sideways," headed across the pavement, and then there was a truck and a car approaching abreast and too close for her to straighten out the automobile, and, to avoid being struck by these cars, she continued across the pavement and down the other side and the accident occurred. She denied that she had been driving 70 to 75 miles an hour.

██ Plaintiff contends her refused instruction No. A (1) properly declared the law under the "Indiana Guest" statute, and (2) clarified defendant's instruction No. II; that defendant's instruction No. II is "erroneously incomplete" in the absence of plaintiff's instruction No. A; and that defendant's instruction No. III, a burden of proof instruction, is erroneous because it required the

jury to make its findings under defendant's incomplete instruction No. II.

Plaintiff's instruction No. A reads: "The Court instructs the jury that in order to find defendant guilty of wilful and wanton misconduct, it is not necessary to show actual malice or ill will on the part of the defendant or that defendant had any intent to injure persons in her automobile."

Plaintiff's main instruction predicated a plaintiff's verdict upon findings, among others, that defendant was operating her automobile around a curve at an excessive and dangerous speed under the circumstances; that plaintiff protested against the manner in which defendant was operating her automobile; that defendant failed to heed plaintiff's protests; that defendant removed one of her hands from the steering wheel; that in operating her automobile as aforesaid defendant "was guilty of wanton and wilful misconduct in the operation of said automobile"; and that said conduct caused the automobile to run off the highway and plaintiff to be injured.

Plaintiff attacks the second paragraph of defendant's instruction No. II. After informing the jury that the laws of Indiana did not authorize a recovery by plaintiff unless the injuries were caused by wanton or wilful misconduct of the defendant, the questioned paragraph reads: "You are further instructed that by the terms 'wanton or wilful misconduct' is meant that the person so charged was conscious of his conduct and with knowledge of existing conditions that injury would probably result, and with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some duty which produced the injuries."

We need not set out defendant's instruction No. III, a burden of proof instruction.

Plaintiff stresses Bedwell v. De Bolt, 221 Ind. 600, 50 N. E. 2d 875, 877[2-7]. The Indiana Supreme Court there stated it was "in complete agreement with what was said" in the Bedwell case by the Appellate Court of Indiana (47 N. E. 2d 176, 181) on the instant issue, quoting therefrom at length. The Court of Appeals stated that both the prior act, relieving an automobile operator of liability for injury to a guest in an automobile accident "unless such accident shall have been intentional on the part of such owner or operator or caused by his reckless disregard of the rights of others" (Ind. Acts 1929, p. 679, § 1), and the amendatory act of 1937, mentioned supra and here involved, relieving the operator of an automobile from liability for injuries to a guest therein except for "wanton or wilful misconduct" required more than "negligence" to make a submissible case; and:

" 'In determining what constitutes a "wilful" or "wanton" act, we subscribe to the view that it is not necessary to prove that defendant deliberately intended to injure the plaintiff; it being suffi-

cient if it is shown that, indifferent to consequences, the defendant intentionally acted in such a way that the natural and probable consequences of his act was injury to the plaintiff. [Citing authority.] * * * To hold one guilty of "wilful" or "wanton" conduct, it must be shown that he was conscious of his conduct and with knowledge of existing conditions that injury would probably result, and with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some duty which produced the injuries. [Citing Ohio and Illinois cases.] Ill will is not a necessary element. [Citing an Illinois case].' "

Later Indiana cases state: "Wilful or wanton misconduct consists of the conscious and intentional doing of a wrongful act or omission of a duty, with reckless indifference to consequences, under circumstances which show that the doer has knowledge of existing conditions and that injury will probably result." Becker v. Strater, 117 Ind. App. 504, 72 N. E. 2d 580, 581[1], citing the earlier cases. Also: "Between ordinary negligence and wilfulness there is no middle ground. A wanton injury is in the same class with a wilful injury." Hoesel v. Cain, 222 Ind. 330, 53 N. E. 2d 165, 168[4].

Instruction No. A informed the jury of certain elements not constituting wanton or wilful misconduct. "Our system is to tell the jury what issues are in the case rather than to tell them what issues are not." Larey v. Missouri-K.-T. Rd. Co., 333 Mo. 949, 64 S. W. 2d 681, 685[7]; Tatum v. Gulf, M. & O. R. Co., 359 Mo. 709, 223 S. W. 2d 418, 425[10]; Arno v. St. Louis Pub. Serv. Co:, 356 Mo. 584, 202 S. W. 2d 787, 789[4]; Williams v. Guyot, 344 Mo. 372, 126 S. W. 2d 1137, 1143[8]. See Scott v. Louisville & N. R. Co., 217 Ala. 255, 115 So. 171, 172[1, 2], a case in point, holding it was not error to refuse an instruction that "wantonness did not constitute or amount to murder" in a civil action for death based on alleged wanton or wilful misconduct.

Defendant's instructions covered the essential elements of wanton or wilful misconduct under the Indiana decisions. This is considered sufficient. Engleman v. Railway Express Agency, Inc., 340 Mo. 360, 100 S. W. 2d 540, 543[2]; Mueller v. Schien, 352 Mo. 180, 176 S. W. 2d 449, 452[4]; Rishel v. Kansas City Pub. Serv. Co. (Mo.), 129 S. W. 2d 851, 856.

Additional grounds sustain the refusal of plaintiff's instruction No. A.

Plaintiff's instruction No. A is somewhat abstract in nature. There was no probative evidence that defendant entertained any malice or ill will toward plaintiff or had an intent to injure any person in the automobile; and plaintiff did not attempt to establish such mental attitude on the part of defendant. Consult Jeck v. O'Meara, 343 Mo. 559, 122 S. W. 2d 897, 904[10]; Kansas City Sub. B. Ry. Co., v. Kansas City, St. L. & C. Ry. Co., 118 Mo. 599, 625, 24 S. W. 478,

485. Abstract instructions are usually refused because they have a tendency to broaden the issues, confuse the jury, and invite error. Schipper v. Brashear Truck Co. (Mo.), 132 S. W. 2d 993, 995[3, 4], 125 A. L. R. 674; Jeck v. O'Meara, supra; Kansas City Sub. B. Ry. Co. v. Kansas City, St. L. & C. Ry. Co., supra; King v. Rieth, 341 Mo. 467, 108 S. W. 2d 1, 5[10]; State ex rel. v. Shain, 345 Mo. 950, 137 S. W. 2d 527, 531 [8], approving Blunk v. Snider (Mo. App.), 129 S. W. 2d 1075, 1083.

As a cautionary instruction, the giving or refusing of instruction No. A. was within the sound discretion of the trial court. Morris v. E. I. Du Pont De Nemours & Co., 351 Mo. 479, 173 S. W. 2d 39, 42[2-8]; Hardwick v. Kansas City Gas Co., 355 Mo. 100, 195 S. W. 2d 504, 509[9,10]; Britton v. Guardian Life Ins. Co. (Mo.), 177 S. W. 2d 443, 446[5]. We have mentioned that said instruction was outside the evidence adduced. There was evidence, if believed, to sustain a finding of negligence and also of a mistake in judgment on the part of defendant in the operation of the automobile. Wanton or wilful misconduct is more than either; and under the decisions an instruction of a cautionary nature that proof of something more than negligence or a mistake of judgment was required would have been within the evidence and of greater propriety than plaintiff's refused instruction No. A. Jay v. Holman, 106 Ind. App. 413, 20 N. E. 2d 656, 658[2]; Kettner v. Jay, 107 Ind. App. 643, 26 N. E. 2d 546, 548[8]; Bezemek v. Panico, 301 Ill. App. 408, 23 N. E. 2d 216, 219[4]. Consult Bedwell v. De Bolt (Ind. App.), 47 N. E. 2d 176, 181; Coconower v. Stoddard, 96 Ind. App. 287, 182 N. E. 466. The refusal of the instruction may be justified on the ground that under the record it placed undue emphasis on plaintiff's view of the case.

██ Mention is made in plaintiff's argument that the jury returned a verdict in favor of the defendant with the words "Not guilty" added in pencil. Upon inquiry, the foreman stated he had written said words on the verdict. The court informed the jury there was no occasion for these words in a civil case. New forms of verdict were given the jury and thereafter they returned a verdict for defendant with the words "not guilty" omitted. There was no objection to this proceeding; but from the occurrence plaintiff contends we may not say error in the refusal of instruction No. A, if error, was harmless. We have ruled plaintiff was not entitled to instruction No. A as a matter of right. What caused the adding of "not guilty" was not stated. However, plaintiff's main instruction, after hypothesizing certain facts, continued "and if you further find that the defendant in operating her said automobile as aforesaid was guilty of wanton and wilful misconduct in the operation of said automobile * * *" the verdict should be for the plaintiff. Plaintiff introduced the word "guilty"; and whatever occasion existed for the jury

to adopt the negative expression was invited and plaintiff may not complain. Adding the words "not guilty" merely emphasized that the verdict was against the facts submitted in plaintiff's main instruction.

The judgment is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.