# City of Selma *v.* Perkins.

68 145
113 367

*Action for Damages against Municipal Corporation, on account of Personal Injuries caused by Defective Streets.*

1. *Judicial notice of charter.*—The charter of a municipal corporation is a public statute, of which the courts will take judicial notice.

2. *Municipal corporation; when action lies against, on account of injuries caused by defective streets.*—When the duty of keeping its streets in repair is specially enjoined by its charter upon a municipal corporation, an action for damages lies against the corporation in favor

of a person who suffers injury from the negligent performance of this
duty.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by Harriet S. Perkins, against the
city of Selma, as a municipal corporation, to recover damages
for personal injuries sustained by the plaintiff by falling into
a ditch while crossing the street at the intersection of Selma
and Lauderdale streets, on or about the 4th December, 1877 ;
and was commenced on the 4th May, 1878. The complaint
alleged that the defendant, "under and by virtue of its char-
ter, and by the law of the land, was bound to keep, and of
right ought to have kept, the public streets and highways of
said city in good repair, and in a safe condition for the use
of the public, and possessed ample means, and had the power
to employ them in keeping the said streets and highways in
good repair and safe condition ; that said defendant, not
regarding its duty in this behalf, and contrary to the provis-
ions of the charter of said defendant, neglected to keep the
said streets and highways within the corporate limits of said
city in good repair, and so mismanaged them that they were
unsafe and dangerous, in that said defendant constructed a
deep ditch along and through a public street of said city
called Lauderdale street, extending across another public
street called Selma street, at the point of intersection of said
streets, and constructed a bridge over said ditch, and on a
level with said Selma street, extending from the south side
of said Selma street scarcely to the northern edge of said
street, and just binding the eastern edge of the west sidewalk
of Lauderdale street, and the western bank or side of said
ditch, so that foot passengers, in crossing Selma street at its
intersection with the west side of Lauderdale street, usually
passed along and over said bridge the full length thereof, to
reach the northern sidewalk of Selma street and the western
sidewalk of Lauderdale street; and the said defendant also
constructed another deep ditch along the northern side of
Selma street, and across Lauderdale street, which ditch
emptied into and connected with the above-named ditch,
underneath said bridge, where the northern sidewalk of Sel-
ma street extends over on and intersects Lauderdale street;
and that the said bridge over said ditch, being a part of Sel-
ma street, and within the corporate limits of said city, was,
by reason of such mismanagement, neglect, and disregard of
duty as aforesaid, unsafe and dangerous to foot-passengers
crossing over and along the same ; and that said defendant,
not regarding its duty, negligently constructed the same

[City of Selma v. Perkins.]

without any barrier, railing, or light, to guard or prevent foot-passengers from falling from the eastern edge of said bridge, near the north end thereof, into said deep ditch last named; of which said defendant, then and there, and for a long time before that day, had positive notice: By means whereof, plaintiff, while lawfully crossing said Selma street in the night time, on said 4th December, 1877, over and along said bridge, in the way usually travelled by foot-passengers, from the south to the north side of said street, without any fault or negligence on her part, fell from the eastern edge of said bridge, near the north end thereof, to the bottom of said deep ditch last named," &c., and was thereby severely injured. The defendant demurred to the complaint,. assigning several causes; but the court overruled the demurrer, and the cause was tried on issue joined on the plea of not guilty.

"The evidence on the trial," as the bill of exceptions states, "both for the plaintiff and the defendant, showed that at the crossing of the street, where the defendant [plaintiff] was injured, was a foot-bridge at each side of the crossing, and a long bridge running parallel to the crossing, and used as much or more than the regular crossing; that the combined width of the crossing and long bridge was twenty-one feet and four inches; that the ditch, where the plaintiff was injured, emptied under the long bridge, and was situated seven feet from the line of the sidewalk running perpendicular to the long bridge, as said sidewalk had been laid off by the city, and more than two feet as the same was used; that the plaintiff, instead of going along the crossing until she came to the sidewalk, and then turning at a right angle up the sidewalk, had attempted to cross diagonally to the sidewalk, over the corner made by the sidewalk and the crossing, and fell into the ditch, which was about two feet wide, two feet, six inches deep, and sloped up for about five feet, where it was spread out to drain the street, and ·made suitable for vehicles to pass over without a bridge; and that said ditch, where plaintiff fell, was two feet, six inches deep, which was the deepest part." This is all the evidence recited in the bill of exceptions, as to the condition and situation of the streets, or the circumstances connected with the injury to the plaintiff. The plaintiff, testifying as a witness for herself, was allowed to state, against the objection of the defendant, "I suffer now from pain and swelling in the same foot since the injury was received;" and to this ruling the defendant reserved an exception.

The court charged the jury, on the request of the plaintiff, "that the whole street is a public highway, and it is the duty of the defendant to keep the whole street reasonably safe for

travel over the whole of its surface, in the night as well as in the day-time." The defendant excepted to this charge, and requested the court, in writing, to charge the jury as follows : " If the jury believe that the plaintiff, by keeping in the regularly used path for crossing the street, would not have been injured, then she cannot recover in this case, if the injury was caused or contributed to by her departure therefrom." The court refused this charge, and the defendant excepted to its refusal.

The charter of the city of Selma, which was of force when the plaintiff received the injuries complained of, contained the following provisions : "SECTION 21. *Be it further enacted,* that the mayor and councilmen shall have full power and authority to pass all by-laws and ordinances, * * * to erect and repair bridges ; to keep in repair all necessary streets and avenues, and to open up new streets, or to widen or change the direction or name of streets within said city, upon making compensation to the owners of land taken for the public use; to make all drains and sewers required, and to keep them open; to pass all ordinances necessary for preserving streets, alleys, sewers, bridges, and other public property of the city," &c. Section 23 also declares, "That the mayor and councilmen shall have full power * * * to establish and keep open sidewalks"; and section 28 gives them "full power and authority to pave, shell, gravel or plank any street or streets, sidewalks or alleys, or parts of streets, sidewalks or alleys, within the limits of said city, whenever they may deem it expedient, and adopt and provide the means therefor by assessments on the owners of property to be especially benefitted thereby, or by assessments on the property to be thus benefitted, and to collect and enforce such assessments by levy as other taxes."—Session Acts 1874-5, pp. 356-84.

The overruling of the demurrers to the complaint, the charge given by the court, the refusal of the charge asked, and the rulings of the court on the evidence, are now assigned as error.

THOS. W. CLARK, for appellant.

W. C. WARD, *contra.*

BRICKELL, C. J.—A special duty enjoined on the city of Selma by its charter (and of the charter courts take judicial notice), is to keep its streets in repair. If an individual suffers injury from the negligent performance of this duty, the city is answerable to him in damages.—*Smoot v. Mayor of*

[Battle v. Reid.]

*Wetumpka*, 24 Ala. 112 ; *City Council of Montgomery v. Gilmer*, 33 Ala. 116; *Albrittin v. Huntsville*, 60 Ala. 486. If the courts of other States find it consistent with their system of jurisprudence to adopt a different view of the measure of the liability of municipal corporations, it furnishes no reason or authority for a change of the settled law of this State. We adhere to the decisions of this court to which we have referred, and they are conclusive upon all the questions of any consequence presented by this record.

The judgment is affirmed.