# Williams *v.* Stillwell.

*Action for Damages on account of Personal Injuries caused by Defective Bridge.*

1.    *Damages resulting from defective bridge; when action lies.*—Under statutory provisions (Code, § 1456), an action for damages, on account of injuries caused by a defective public bridge, lies against the builder while his contract of guaranty is in force, and against the county after

[Williams v. Stillwell.]

the expiration of his guaranty, or if no guaranty was taken from him; but neither the statute, nor any principle of law, gives an action to a person injured by a defective public bridge, against one who has contracted with the county to keep the bridges in repair for a stipulated period, and has failed to do so.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAS. R. DOWDELL.

This action was brought by Mrs. Mary H. Williams, against R. P. Stillwell, to recover damages for personal injuries sustained by plaintiff from a defective public bridge in the county; and was commenced on the 14th February, 1889. The injury occurred on the 19th July, 1888, while the plaintiff was crossing the bridge in a buggy, and the horse, becoming frightened, or restive, backed the buggy over the side of the bridge, which was not protected by a sufficient railing; whereby plaintiff was thrown from the buggy, and into the stream, dislocating her hip, and sustaining other injuries. . The complaint alleged that, on the 6th February, 1888, the defendant entered into a contract with the county, by which he agreed and bound himself, in consideration of the sum of $1,400 *per annum*, payable quarterly, "to keep in repair the public bridges of the county, so that they would continue safe for the passage of travellers and other persons, for the term of three years from the 14th February, 1888;" that he failed to keep in repair "a certain public bridge over Caleebe creek in said county, on the public road leading from Tuskegee to Montgomery, in this: that he failed to have good, sound and suitable railing, or banisters, securely fastened on the sides of said bridge, so as to prevent vehicles, driven across by travellers and others, from falling from said bridge; that said bridge was wholly unsafe and insufficient; that the banisters, or railings on the sides of the same, were insecurely fastened to the uprights supporting the bridge, and afforded no resistance to plaintiff's buggy when backed against them by the horse;" whereby she was thrown from the buggy and the bridge, and was injured, &c. An amended complaint alleged, "that said bridge was erected by contract with the County Commissioners of said county, and that defendant, on the acceptance of his said contract with the county, entered upon the performance of his duties under it, and is now in the performance of his said contract."

The court sustained a demurrer to the complaint, original and amended, and its judgment is here assigned as error.

[Williams v. Stillwell.]

W. F. FOSTER, for appellant, cited Addison on Torts, vol. 1, §§ 1, 16, 17; *Kelly v. McCaw*, 29 Ala. 231; *Hussey v. Peebles*, 53 Ala. 432; *Life Insurance Co. v. Randall*, 74 Ala. 170; *Barbour County v. Brunson*, 36 Ala. 362; *Barbour County v. Horn*, 48 Ala. 566; *Covington County v. Kinney*, 45 Ala. 176.

JAS. E. COBB, and S. B. BAINE, *contra*, cited *Lee County v. Yarbrough*, 85 Ala. 590; 79 Ala. 304; 80 Ala. 204.

STONE, C. J.—In *Lee County v. Yarbrough*, 85 Ala. 590, we said: " The liabilities of counties, for injuries caused by defective public bridges, is purely statutory; for, in the absence of statute, there is no liability." We cited many authorities in support of that propositoin. The principle announced is, that when a public bridge is constructed under contract with a third person as builder, and a bond or other guaranty has been taken from the builder, then, for an injury caused by defective structure, or want of necessary repairs, if suffered during the term covered by the guaranty, redress must be sought against the builder, and on the bond or guaranty. On the other hand, when the bridge is constructed under contract made with the builder, and no guaranty is or has been taken, or the period covered by the guaranty has expired, then, for such injury, suit may be brought, and a recovery had against the county.—Code of 1886, § 1456. We have many times declared these rights of action are of purely statutory creation, and that without the statute no recovery could be had against the county, and the action provided for could not be maintained against the builder. These principles are clearly set forth in the previous rulings of this court, many of which are cited in *Lee County v. Yarbrough, supra*.

· It is certainly true, that in the performance of service or work under contract, the servitor or workman may act so unskillfully or negligently as to do the employer a wrong, beyond the mere breach of his contract. Such wrong is a tort, for which the employer may maintain an action on the case, or, if the wrong be a breach of any term of the servant's contract, he may maintain an action *ex contractu*, at his election.—*Mobile Life Ins. Co. v. Randall*, 74 Ala. 170. But this right to sue in tort extends no further than to the employer, and, in some cases, to those who succeed to his legal rights.

The *gravamen* of the present action, as we understand it,

[Carmelich v. Mims.]

is, that Stillwell, the defendant, violated his contract with
the court of County Commissioners, in this, that he failed
to keep in proper repair the county bridge, from which de-
fect the plaintiff alleges she suffered the injury she complains
of; an alleged violation of the contract on the part of Still-
well, to keep the county bridges in repair. It is nowhere
shown that Stillwell built the bridge, and, as builder, guar-
anteed its safety by bond, or otherwise. The suit is not
brought on any alleged contract of guaranty. It is not a
suit *ex contractu*, but an action on the case, and claims dam-
ages, as the result of the defendant's failure to comply with
his contract with the court of County Commissioners. No
authority has been cited, and we know of none, which
authorizes A to maintain an action against B, for an alleged
injury suffered from the latter's failure to comply with a con-
tract made with C.

This case is entirely without the influence of the statute;
and inasmuch as there is no principle of the common law au-
thorizing such a suit, the demurrer was rightly sustained to
the complaint, as originally framed, and as amended.

Affirmed.