(130 So. 416)

**CHAMBERS et al. v. COX.**

8 Div. 213.

Supreme Court of Alabama.
Oct. 23, 1930.

D. L. Rosenau, Jr., of Athens, for appellant.

Walter J. Price, of Huntsville, and Fred Wall, of Athens, for appellee.

**GARDNER, J.**

Defendants operate a bus running between Decatur and Athens. Near 6 o'clock of December 22, 1928, while three miles out from Athens, the driver parked the bus to repair a puncture. It was dark and very dusty. Plaintiff was a passenger guest in the car of her nephew E. H. Buckner, and traveling in the same direction as the bus. Buckner was driving, and had sole control of his car, and ran into the rear of the bus while so parked for the tire repair. Buckner insists he was traveling with lights burning, looking ahead, and at a speed of about 30 miles an hour, but he did not see the bus until within a few feet, and too near to prevent the collision.

Plaintiff sustained injuries for which she recovered a judgment against defendants as operators of the bus. Plaintiff's evidence tends to show that the bus was parked in the traveled portion of the graveled highway, though there was ample room for it to have been placed for proper tire repair, several feet to the right and out of the way of approaching cars. Her evidence tends further to show negligence of the bus driver in fail-ing to have signal light on the rear of the bus burning.

The evidence of the defendants was to the contrary as to both of these issues of facts, and presents a sharp conflict in the proof.

Demurrers to the first four original counts of the complaint were sustained, and the complaint amended by interposing count B, to which original demurrers were refiled. It is quite apparent that numerous grounds of demurrer are inapplicable to count B. The ruling of the court on this demurrer is given scant consideration in brief, and needs no discussion here. Suffice it to say count B was not subject to any ground of demurrer interposed thereto.

Appellant argues the refusal of the affirmative charge as error upon the theory that the proof fails to show the negligence of defendants' driver was the proximate cause of the accident, but that the same was attributable to the negligence of Buckner solely. But this insistence assumes Buckner's negligence as a matter of law, which clearly is incorrect, and further overlooks the well-recognized rule that "injury arising from the concurring negligence of joint tort-feasors, whether acting together or independently, may be redressed by joint or several action." Steenhuis v. Holland, 217 Ala. 105, 115 So. 2, 3. If defendants' agent was at fault, guilty of actionable negligence, in bringing about the collision, there was no lack of proximate causal connection between the negligence charged and the damage so suffered, though Buckner may also have been negligent in the operation of the car in which plaintiff was riding. Ruffin Coal Co. v. Rich, 214 Ala. 633, 108 So. 596; 4 Corpus Juris, pp. 920–928. "As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury." 45 Corpus Juris, 920; Western Ry. Co. v. Sistrunk, 85 Ala. 352, 5 So. 79. The affirmative charge was properly refused.

Nor are we persuaded, under the well-recognized rule of Cobb v. Malone, 92 Ala. 630, 9 So. 738, that the action of the court in overruling the motion for a new trial upon the ground that the verdict was contrary to the preponderance of the evidence or that it was excessive, should be here disturbed.

Nor was there error in declining to permit the witness Chambers to testify that the rear light of the bus was burning when he saw it that night, as this was not only considerable length of time from the accident, but was after the car had been brought into Athens from a distance of about three miles. The evidence called for was too remote.

4

The trial court will not be reversed for giving an abstract charge "unless it appears that the jury were thereby misled to the prejudice of the appellant." Allen v. Birmingham So. R. Co., 210 Ala. 41, 97 So. 93, 94; Scott v. L. & N. R. R. Co., 217 Ala. 255, 115 So. 171; Southern R. Co. v. Randle, 221 Ala. 435, 128 So. 894.

While it is true contributory negligence of plaintiff was not pleaded or involved in this case, yet it appears that much stress was laid upon alleged negligence of the driver of the car in which she was riding, and the charge given for plaintiff (eighteenth assignment of error) was evidently requested as a caution against plaintiff being held chargeable with any negligence on the part of her nephew Buckner. No reversible error here appears.

Nor was there reversible error in the refusal of defendants' charge 20 (seventeenth assignment of error), as the substance thereof was fully embraced in the oral charge of the court.

The court in the oral charge and also given charges 11 and 12 instructed the jury there could be no recovery unless defendants' negligence was the proximate cause of the injury to plaintiff, and refused charges 14, 15, 16, and 17 appear to be but an elaboration of that question. Moreover, conceding a tendency of the evidence showing negligence on Buckner's part, there would be presented a case of concurrent negligence and a liability both joint and several. Under these circumstances these charges were properly refused as calculated to mislead the jury as laying stress on the question of proximate cause and ignoring the doctrine of concurrent negligence. 45 Corpus Juris, 896; Memphis Consol. Gas Co. v. Creighton (C. C. A.) 183 F. 552; Grand Trunk Ry. Co. v. Cummings, 106 U. S. 700, 1 S. Ct. 493, 27 L. Ed. 266; McKay v. Southern Bell Tel. Co., 111 Ala. 337, 19 So. 695, 31 L. R. A. 589, 56 Am. St. Rep. 59.

Plaintiff's evidence tended to show defendants' car was parked contrary to the statute. Gen. Acts 1927, pp. 348, 375, § 70. Charge 10, requested by defendants ignores the statute, and was properly refused.

The expression as to the parking of defendants' car at a place "that was practicable under the circumstances," as found in refused charge 18, renders its meaning uncertain and the charge confused and misleading. Moreover, upon the question of law touching the parking of the car, the court fully instructed the jury in the oral charge.

Defendants' refused charge 19 would not require the driver of defendants' car to move to the right of the road. There was no evidence of any disability of defendants' car other than a puncture of the right rear tire. The argument in support of refused charge 19 is that this was such a disability as within the influence of subdivision (c), section 70, General Acts 1927, above noted. Such a construction of this provision of the statute would permit the driver of a car who suffers a puncture to stop on the main traveled portion of the highway and obstruct and endanger traffic, notwithstanding space to the right to which the car could be readily moved. We do not think this subdivision is to be so interpreted. The charge was inapt to the case in hand, and properly refused.

We have treated and considered the assignments of error argued in brief, and find no reversible error.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.