166 So. 689

**DORMINEY v. CITY OF MONTGOMERY.**

**3 Div. 129.**

Supreme Court of Alabama.

March 19, 1936.

R. S. Hill, Jr., and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellant.

Jas. S. Parrish and Jno. L. Goodwyn, both of Montgomery, for appellee.

KNIGHT, Justice.

The court below sustained the demurrer of the city of Montgomery to plaintiff's amended complaint, and the plaintiff, on account of this adverse ruling of the court, suffered a nonsuit, with an appeal on the record.

The demurrer filed by the defendant to the amended complaint takes the point that the installing and maintenance of traffic signal lights by the city was the exercise of a governmental function, under its police power, with the view of regulating traffic at the points where the signals were installed, and to conserve the safety of the public making use of said streets at such points. That being the exercise of a governmental function, it was not liable in the action to the plaintiff for or on account of the negligence charged to the city, its serv-

ants, or agents, officers, or employees, with respect to the alleged defect in the signal apparatus or signal light system.

■ We have consistently held that a municipality is under the legal duty to keep its streets and sidewalks in a reasonably safe condition for the use of the public, and for the negligent failure to perform this duty it is liable in tort to a person thereby injured. This duty to keep its streets and sidewalks in a reasonably safe condition we have held to be a corporate, rather than a public, duty; that its officers or agents, while engaged in the performance of this duty, were engaged in a ministerial, rather than a governmental, function. City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30; Densmore v. City of Birmingham, 223 Ala. 210, 135 So. 320; City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169; City of Selma v. Perkins, 68 Ala. 145, 148.

■■ We have also held that persons on streets of a municipality may assume that the ways are free from unlawful obstructions or dangerous defects, so long as ordinary care on their part does not disclose such defects. City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1915F, 797.

However, we are of the opinion that the obstructions or defects relate to physical obstructions or defects.

In the case of Auslander v. City of St. Louis, 332 Mo. 145, 56 S.W.(2d) 778, 782, it was observed: "There is a difference, however, between the physical condition of a street and its use by the public. The keeping of a street in a condition reasonably safe for travel thereon has reference to its physical condition, and is a different matter than the regulation of traffic on such street. The one relates to the corporate or proprietary powers of the city, while the other relates to its governmental or police powers."

While, as above pointed out, the law is well settled in this jurisdiction that a municipal corporation is liable for injuries caused by the wrongful or negligent performance of its corporate or ministerial duties, it is equally well settled that such municipal corporation is not liable for injuries caused by the wrongful or negligent performance of its governmental functions. Densmore v. City of Birmingham, supra.

Traffic signal lights serve the purpose, and were so designed, to regulate the use of the streets, where installed. There is no duty enjoined by statute upon a municipality to install such signals, and, if installed, it is done in the exercise of a discretionary power, possessed by the municipality to conserve the safety of the public using such streets. We so held in our recent case of Alabama Lumber & Building Material Ass'n et al. v. Mason, 230 Ala. 168, 160 So. 232.

There is no allegation in the complaint that there was any physical defect in the street where the collision occurred and the injuries were suffered. The whole theory of plaintiff's case is predicated upon the theory of a duty owing the plaintiff by the city to maintain the signal lights in proper repair and working condition, in view of the fact that they had been installed, and had theretofore controlled the public making use of said streets, and upon which plaintiff relied to her injury.

Nevertheless, we are of the opinion that the city, in installing the signal lights to warn and direct the traveling public, was exercising a governmental function, under its police power, and, this being true, the city was not answerable in damages to the plaintiff for any failure of the city, its agents, employees, or officers in permitting the traffic light to be or to remain out of repair. There was no physical defect in or obstruction of the street. Auslander v. City of St. Louis, supra; Hanson v. Berry, 54 N.D. 487, 209 N.W. 1002, 47 A.L.R. 816; Blackaby v. City of Lewistown, 265 Ill.App. 63, 76; City of Rome v. Potts, 45 Ga.App. 406, 165 S.E. 131; Healy v. Kansas City, 277 Mo. 619, 211 S.W. 59, 60; Mayor, etc., of Savannah v. Jones, 149 Ga. 139, 99 S.E. 294.

The authorities cited by appellant are not in point, as they dealt with physical defects in the streets or highways.

We are at the conclusion plaintiff's amended complaint failed to state a cause of action against the defendant, and the court properly sustained the demurrer thereto.

It follows, therefore, that the judgment of the court a quo is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.