66 So.2d 373 (1953)
EDWARDS
v.
CITY OF SHREVEPORT.
No. 7918.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1953.
Rehearing Denied July 20, 1953.
*374 Robert G. Chandler, Shreveport, for appellant.
J. N. Marcantel, James W. Hammett and John Gallagher, Shreveport, for appellees.
McINNIS, Judge.
On February 1, 1952 about 7:40 P. M. plaintiff was a passenger in a Ford automobile operated by E. L. Forrester, proceeding east along King's Highway in the City of Shreveport. At the intersection with Linwood Avenue the Ford collided with a Chevrolet truck owned by Naremore Drug Store, which truck was proceeding south on Linwood.
There is a traffic signal light at this intersection, which it is alleged was operating defectively, in that at the time of the collision it displayed the green or "go" signal to both the drivers.
The suit is against the City of Shreveport for personal injuries sustained when the car and truck collided. For cause of action plaintiff, in paragraphs 6 and 7 of the petition, alleges:

"6.
"That said traffic signal system at the intersection aforesaid had been operating defectively from about noon on the day of the aforesaid collision until the time of the aforesaid collision.

"7.
"That your petitioner has been informed, believes and therefore alleges:
"A. That the fact said signal system was operating defectively was well known to the persons residing and doing business at and near said intersection, which fact was communicated by them to the Public Safety Department of the City of Shreveport.
"B. That the accident in which your petitioner was injured was the second collision that day at said intersection caused by the defective operation of the signal system, the first having occurred about 3:50 P. M., which collision was reported to and investigated by the Department of Public Safety of the City of Shreveport.
"C. That various drivers of trolleys operated by the Shreveport Railway Company observed the defective operation of said traffic signal system and at least one of them made a report of said defective operation which was transmitted to the Department of Public Safety of the City of Shreveport.
"D. That the said Department of Public Safety operates cruise cars manned by police officers who traverse the entire city and that said officers knew or ought to have known and reported the defective operation of said signal system."
It is further alleged that failure of the city to repair the defective light was the proximate cause of the collision, and paragraphs 10 and 11 of the petition allege:

"10.
"That the City of Shreveport is authorized by law to install parking meters on any street within said city and to make a charge for parking; that parking meters have been installed on a large number of streets situated in said city and fees are charged for parking in excess of the amount necessary for the repair and maintenance of said meters.

"11.
"That consequently the Defendant City in the maintenance, operation and regulation of its said streets is acting in a corporate or pecuniary capacity as distinguished from a governmental capacity."
The demand of plaintiff was met with an exception of no cause and no right of action, which after hearing was sustained by the lower court, and plaintiff's suit dismissed.
This appeal is prosecuted by the plaintiff from the judgment.
*375 Plaintiff's allegation with reference to parking meters was intended to take the city, in the maintenance, operation and regulation of its streets, out of the category of corporate functions, if possible.
The district judge in his written opinion resolved the contention of plaintiff that the installation and operation of traffic signals is a corporate function, against her, citing as authority Alabama Alcoholic Beverage Control Board v. City of Birmingham, 253 Ala. 402, 44 So.2d 593, 598, where it was held:
"If it is contended that parking meters or similar devices are structures, it is sufficient to say that the zoning statutes are not applicable because such structures are in use by the cities in a governmental capacity, City of Decatur v. Robinson, 251 Ala 99, 36 So.2d 673, and when this is the situation the prohibitions and restrictions of a zoning ordinance do not ordinarily apply. 58 Am. Jur. pp. 1008-9. Moreover establishment of parking meters is an exercise of the police power apart from the zoning power. City of Decatur v. Robinson, supra."
The cited case cites City of Decatur v. Robinson, 251 Ala. 99, 36 So.2d 673, a parking meter case, in which many authorities are cited, including Dorminey v. City of Montgomery, 232 Ala. 47, 166 So. 689, holding that the installation of traffic lights by the city is a governmental function, for the negligent exercise of which the municipality was not liable.
We are of the opinion that the installation and operation of traffic light signals for regulation of traffic on the streets is a governmental function.
We recently had occasion to discuss the question of liability of a city for wrongful acts of its agents and servants in the exercise of governmental functions, in the case of Prunty v. City of Shreveport, La.App., 61 So.2d 548, where numerous authorities are cited. It would serve no useful purpose to cite them here. In the Prunty case plaintiff applied for and was granted writ of review by the Honorable Supreme Court. Its decision was handed down June 1, 1953 in 223 La.  66 So.2d 3, affirming the decision of this court, and citing numerous authorities. This decision will of course not become final until lapse of time for filing application for rehearing, and consideration of such application, if one is filed.
From what is said above, it follows that the judgment of the district court sustaining the exception of no cause and no right of action and dismissing plaintiff's suit is affirmed at the cost of plaintiff-appellant in both courts.