268 So.2d 805

**The CITY OF MOBILE, etc., et al.**

**v.**

**Ruby W. HAVARD, Administratrix, etc.**

**1 Div. 689.**

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Nov. 30, 1972.

Donald F. Pierce, and W. Ramsey McKinney, Jr., Mobile, for appellant, City of Mobile.

James J. Duffy, Jr. and John N. Leach, Jr., Mobile, for appellant Palmer & Baker, Engineers, Inc.

534

Gallalee, Denniston & Edington, and Horace Moon, Jr., Mobile, for appellees.

SOMERVILLE, Justice.

Appellee Ruby W. Havard as administratrix of the estate of Henry N. Havard, deceased, brought an action in the Circuit Court of Mobile County, Alabama against eight defendants seeking damages for the death of her husband Henry N. Havard who died as the result of an automobile accident in the Bankhead Tunnel. The initial complaint was amended and various defendants dismissed so that by the time of trial the complaint consisted of two counts numbered 5 and 6 and the City of Mobile and Palmer & Baker Engineers, Inc. were the only remaining defendants.

On October 17, 1968 Henry N. Havard was driving his automobile eastwardly through the Bankhead Tunnel in Mobile, Alabama. He reached a point approximately midway through the tunnel and stopped his car behind a long line of cars when an overloaded soybean truck with

defective brakes came down the western incline out of control and crashed into the rear of the Havard automobile. The impact set off a chain reaction ultimately piling up ten vehicles. Gasoline fires broke out including one at the front and one at the rear of the Havard car. A fire alarm was sent to the Mobile Fire Department located just outside the western tunnel entrance and some of the occupants of the involved vehicles with several tunnel guards began fighting the fire with equipment maintained in the tunnel. Testimony indicated that their efforts were ineffectual due to defects or inadequacies of the equipment. The Mobile Fire Department had equipment and men at the scene within minutes and the fires were promptly extinguished. Not until the firemen arrived was it discovered that Havard was trapped, semi-conscious, in his smoke-filled automobile. He had received severe burns and respiratory tract injury and died three days later.

In her complaint the plaintiff alleged that her husband's death was proximately caused by the defective and inadequate equipment maintained in the Bankhead Tunnel. Plaintiff's theory against the City of Mobile was that it had negligently maintained its fire equipment located in the tunnel and that such negligence had proximately caused her husband's death. The driver and the owner of the truck and the owner of the load of soybeans on the truck were originally made parties defendant but were voluntarily stricken by the plaintiff before trial. Plaintiff asserts liability against Palmer & Baker Engineers, Inc. (Palmer & Baker) on the ground that it, as the firm employed by the City of Mobile to inspect the Bankhead Tunnel and its equipment on an annual basis, either negligently failed to ascertain such inadequate and defective condition of the fire-fighting equipment or negligently failed in its reports of such inspections to call attention to said condition.

The case was tried for six days and resulted in a judgment on a jury verdict against the joint defendants in the amount of $75,000. Motions for new trial being denied, both defendants now appeal.

■■■■ Appellee insists that the appellant City of Mobile waived all or many of its assignments of error by failure to comply with the provisions of Supreme Court Rule 9. Appellee also contends that this appellant has waived all of its assignments of error because it failed to include in its brief a summary of the oral testimony relevant to its arguments as required by Rule 9. With this contention we cannot agree. There are two appellants in this cause and it must be noted that appellant City of Mobile joined in this appeal after it was instigated by the other appellant, Palmer & Baker. Appellant Palmer & Baker included a summary of the relevant testimony in its brief. Appellant City of Mobile supplemented that summary as necessary for its arguments in its brief. We hold that this was sufficient to comply with the purpose and intent of Rule 9. Appellee also argues that appellant City of Mobile waived those assignments of error which it did not specifically argue in its brief. We agree with appellee on this argument, and in accord with Rule 9 have not considered any of said appellant's assignments of error which were not argued in its brief.

The appellant City of Mobile, hereinafter referred to as the City, argues in its first proposition of law, which encompasses its assignments of error 2 through 8, that the City is governmentally immune from suits arising out of maintenance or operation of fire-fighting equipment. Demurrers of the City to counts 6 and 7 based on its claimed immunity were overruled and its pleas raising the same issue were demurred or charged out. In support of its contention the City relies primarily on the case of Long v. City of Birmingham, 161 Ala. 427, 49 So. 881. In that case the plaintiff Long had been injured when he fell from an extension ladder while in the performance of his duties as a fireman for the City of Birmingham. Long brought suit against

said city under the provisions of the Employer's Liability Act. The trial court sustained demurrers to the complaint based on the defendant's claim that in furnishing fire-fighting apparatus and operating its fire department, the city was performing a governmental function and therefore immune from tort liability.

The appellee's answer to the above argument is Title 37, § 502, Code of Ala. 1940 (Recompiled 1958), which places liability on a municipality for any injury which occurs through the neglect, carelessness, or failure to remedy any defect in the streets, public ways, etc., after either actual or constructive notice of such defect.

■ It is undisputed that the roadway through the Bankhead Tunnel is part of the Mobile street system. Therefore the issue to be resolved is whether or not the fire-fighting equipment maintained in the tunnel is in fact a part of the street or public way so as to attach liability on the City under § 502, supra, for any defect in the equipment.

We do not think it was the intent of the legislature to give § 502 such a broad application. In Dorminey v. City of Montgomery, 232 Ala. 47, 166 So. 689, this court recognized the necessity of distinguishing between defects in a street for which a municipality may be held liable, and those for which it may not. We there refused to call a defective traffic light a defect in the street and recovery against the City of Montgomery was denied. Our holding was based on § 502 being inapplicable because the maintenance of traffic signals is an immune governmental function and not a part of the maintenance of streets, a non-immune ministerial function. We think the same distinction between ministerial and governmental functions must be made here and that fire-fighting equipment stored in the tunnel is no more a component or an integral part of the street running through said tunnel than is a traffic light. It follows that a defect in such equipment is not a defect in the street for which the City can

be held liable under the provisions of § 502. The remaining authorities cited by appellee on this point are not applicable since each dealt with physical defects in streets or sidewalks themselves or obviously component parts thereof.

We conclude that the complaint as last amended failed to state a cause of action against the defendant-appellant City of Mobile and that the trial court erred in failing to sustain said appellant's demurrer which properly raised the issue of governmental immunity.

The merits of the other assignments of error of said appellant City of Mobile need not be considered here since the judgment against it must be reversed in accord with this opinion.

The appellant Palmer & Baker raises two principal questions in its numerous assignments of error: first, whether plaintiff's complaint is sufficient against this appellant's demurrer; and second, whether the evidence presented at trial was sufficient to submit the case to the jury. Said demurrer challenged the complaint as failing to state a cause of action against the defendant Palmer & Baker in that it did not establish a duty owed by said defendant to plaintiff's intestate, nor did it disclose the breach of any duty which proximately caused the injury complained of in the complaint.

■ The law is clear that in all cases founded on actionable negligence, three elements are necessary to the sufficiency of the complaint: (1) the existence of some duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to fulfill that duty; and (3) an injury to the plaintiff proximately caused from such failure of the defendant. When all of these elements are brought together, we have actionable negligence. The absence of any one of them renders a complaint bad or the evidence insufficient. Stokely-Van Camp, Inc. v. Ferguson, 271 Ala. 120, 122 So.2d 356; Alabama Great Southern R.

Co. v. Green, 276 Ala. 120, 159 So.2d 823; Malone Freight Lines, Inc. v. McCardle, 277 Ala. 100, 167 So.2d 274.

In the complaint now before us, the pertinent allegations to show the existence of this defendant's duty are: that defendant Palmer & Baker was under contract with the City of Mobile to conduct annual inspections of the Bankhead Tunnel, including the fire-fighting equipment located therein, and to make its recommendations to the City for any repairs, replacements, additions, etc., which were in its opinion required for the continued operation of the tunnel; that this defendant knew that members of the public would be driving through said tunnel and knew that they could be seriously injured or killed if the defective condition in the fire equipment was not remedied; and that this defendant negligently failed to determine the defective condition of the fire equipment, or, if they did so determine, failed to report same to the City of Mobile.

■ The defendant Palmer & Baker was under contract with the City of Mobile to conduct annual inspections of the Bankhead Tunnel. There is nothing in the complaint to show that this defendant did not comply with the full intent and letter of said contract. Negligence is averred merely as a conclusion of the pleader and no facts are presented to show a duty this defendant owed to plaintiff's decedent. There is nothing to show that if the fire-fighting equipment had been in perfect condition that Henry Havard's injuries would have been any less severe. We are of the opinion that the facts alleged by plaintiff fail to show that this defendant owed any duty to plaintiff's decedent, the breach of which resulted in his death. Because the complaint fails to state facts out of which the duty of this defendant arises, the grounds of the demurrer taking that point should have been sustained.

■ As stated above, the second question raised by the demurrer is: the sufficiency of the complaint to show that this defend-

ant's alleged negligence was the proximate cause of the injury and death of plaintiff's decedent. The pertinent allegations in the complaint are: that plaintiff's decedent was involved in an accident in the Bankhead Tunnel which resulted in his automobile being set on fire; and that as a direct and proximate result of defective and inadequate fire-fighting equipment and the concurring negligence of the defendant, Palmer & Baker, the fire continued to blaze and was not promptly extinguished and that the death of plaintiff's decedent resulted.

This court has previously held that where each count of the complaint shows on its face that some independent agency has intervened and has been the proximate and immediate cause of the injury, it is the duty of the trial court to sustain a demurrer to the complaint. Kilgore v. Birmingham Ry., Light & Power Co., 200 Ala. 238, 75 So. 996; Smith v. Alabama Water Service Co., 225 Ala. 510, 143 So. 893; Morgan v. City of Tuscaloosa, 268 Ala. 493, 108 So.2d 342.

The complaint now before us clearly shows on its face that an independent agency, an overloaded soybean truck with defective brakes, intervened to disrupt the causal connection between this defendant's alleged negligence and the death of plaintiff's decedent. The soybean truck was the immediate and proximate cause of the accident and the decedent's death. The alleged negligence of this defendant was no more than a remote cause. We therefore hold that the trial court erred in overruling the demurrer of defendant Palmer & Baker for the reasons stated.

As mentioned previously, defendant-appellant Palmer & Baker also assigns as error the trial court's refusal to give the affirmative charge for this defendant as requested, the asserted grounds being that the evidence was insufficient to submit the case to the jury in at least two particulars: (1) the evidence fails to show that this defendant's alleged negligence was the proximate cause of plaintiff's injury, and (2) the evidence clearly shows that the proximate

cause of the death of plaintiff's decedent was an independent, intervening agency, the soybean truck, for which this defendant can in no way be responsible.

We have held on several occasions that when the facts presented at trial are such that reasonable men must draw the same conclusion, the question of proximate cause is one of law for the courts to determine. City of Birmingham v. Latham, 230 Ala. 601, 162 So. 675; Morgan v. City of Tuscaloosa, supra; King v. Winslett, 287 Ala. 98, 248 So.2d 566.

■ For an act to constitute actionable negligence, there must be not only some causal connection between the negligent act complained of and the injury suffered, but also the connection must be by a natural and unbroken sequence, without intervening, efficient causes, so that, but for the negligence of the defendant, the injury would not have occurred. The negligence must not only be a cause, it must be the proximate cause of the injury. Western Railway of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316; Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388.

■ Where it is determined that some prior negligent act merely created the condition or gave rise to the occasion and after the creation of said condition an intervening, independent agency produces an injury, the party guilty of the first negligent act is not liable because his negligence was but a remote cause of the injury. Louisville & N. R. Co. v. Maddox, 236 Ala. 594, 13 So. 849, 118 A.L.R. 1318; Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667. And, as said by this court in Garrett v. Louisville & N. R. Co., 196 Ala. 52, 71 So. 685, 686:

" 'The law, in its practical administration in cases of this kind, regards only proximate or immediate, and not remote, causes, and, in ascertaining which is proximate and which remote, refuses to indulge in metaphysical niceties. Where, in the sequence of events between the original default and the final mischief, an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause.' Atchison, etc., Ry. Co. v. Calhoun, 213 U.S. 1, 29 Sup.Ct. 321, 53 L.Ed. 671; Milwaukee, etc., R. Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256."

■ However negligent a party may have been in some particular, he is accountable only to those who are injured as a proximate result of such negligence. Where some independent agency intervenes and is the immediate cause of the injury, the party guilty of the prior negligence is not liable. The proximate cause of an injury is the primary moving cause without which it would not have occurred, but which, in the natural and probable sequence of events, produces the injury. Smith v. Alabama Water Service Company, supra; Williams v. Wicker, 235 Ala. 348, 179 So. 250; Mobile City Lines, Inc. v. Proctor, supra.

We are of the opinion that upon the application of the above principles of law, the trial court should have granted the request of defendant Palmer & Baker for the affirmative charge. Upon a careful review of the evidence presented at trial we must conclude that the negligence of this defendant was no more than a remote cause of the injury complained of in plaintiff's complaint. The proximate cause was the collision between the decedent's automobile and the soybean truck. Such was an independent, intervening cause for which defendant Palmer & Baker cannot be held legally responsible. The judgment against defendant Palmer & Baker must therefore be reversed. In light of the foregoing this defendant's other assignments of error need not be considered.

For the reasons set forth in the above opinion the judgment which the trial court entered in favor of the plaintiff and against both defendants must be reversed.

Reversed and remanded.

COLEMAN, HARWOOD, and Mc-CALL, JJ., concur.

MADDOX, J., concurs specially.

HEFLIN, C. J., MERRILL and BLOOD-WORTH, JJ., concur in part and dissent in part.

MADDOX, Justice (concurring specially).

■ I concur in the result reached by the majority. I think the majority is correct in holding that the City of Mobile was immune from suit. I disagree with the majority on the question of "proximate cause" and on this issue I agree with the views expressed by Mr. Justice Bloodworth in his dissenting opinion. I agree that Palmer and Baker owed no duty to Havard, the breach of which proximately resulted in his death. I would like to state the reasons why I think there was no duty owed Havard in this case.

Palmer and Baker were engaged by the City as consultants to perform inspection services for the city. As such, the firm was a public works contractor. Under some circumstances, a public works contractor is entitled to enjoy the immunity which the public body enjoys. In the case of Williams v. Stillwell, 88 Ala. 332, 6 So. 914 (1889), this court held that a person injured by a defective public bridge has no right of action against one who has contracted with the county to keep the bridges in repair for a stipulated period, and has failed to do so.

This Court said:

"The gravamen of the present action, as we understand it, is that Stillwell, the defendant, violated his contract with the court of county commissioners, in this: that he failed to keep in proper repair the county bridge, from which defect the plaintiff alleges she suffered the injury she complains of,—an alleged violation of the contract on the part of Stillwell to keep the county bridges in repair. It is nowhere shown that Stillwell built the bridge, and, as builder, guaranteed its safety by bond or otherwise. The suit is not brought on any alleged contract of guaranty. It is not a suit ex contractu, but an action on the case, and claims damages as the result of the defendant's failure to comply with his contract with the court of county commissioners. No authority has been cited, and we know of none, which authorizes A. to maintain an action against B. for alleged injury suffered from the latter's failure to comply with a contract made with C.

"This case is entirely without the influence of the statute, and, inasmuch as there is no principle of the common law authorizing such a suit, the demurrer was rightly sustained to the complaint as originally framed and as amended."

Of course, this *Stillwell* case is not of recent origin, and implicit in its holding is the principle that there must be privity of contract between the tortfeasor and the injured party. At one time a showing of privity was considered necessary to occasion liability for negligence, but many courts have been getting away from that doctrine and many have entirely repudiated and discarded it. Under the modern doctrine liability is based on foreseeability rather than privity. 65 C.J.S. Negligence § 4(11), p. 502. Alabama recognizes that there are exceptions to the broad general rule that where the charge of negligence is based upon a breach of duty arising out of contractual relations, no cause of action arises in favor of one not in privity to such contract. See Weston v. National Manufacturers & Stores Corp., 253 Ala. 503, 45 So.2d 459 (1950). Alabama applies the so-called "manufacturer's liability doctrine" in appropriate cases [Defore v.

Bourjois, Inc., 268 Ala. 228, 105 So.2d 846 (1958)]. We also apply, in appropriate cases, the products liability doctrine. See Birmingham Chero-cola Co. v. Clark, 205 Ala. 678, 89 So. 64 (1921). And in a proper case, a public works contractor cannot avail himself of the immunity of the public body from liability for injuries resulting from willful tort or negligence in the performance of public work. See Morgan Hill Paving Co. v. Fonville, 222 Ala. 120, 130 So. 807 (1930); Evans v. Patterson, 269 Ala. 250, 112 So.2d 194 (1959). See also: Annotation: Right of Contractor with Federal, State, or Local Public Body to Latter's Immunity from Tort Liability. 9 A.L.R.3d 382.

I am familiar with the rule stated by the American Law Institute, Restatement of the Law, Second, Torts 2d, § 324(a), which this Court discussed and followed in Beasley v. MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844 (1971). I dissented in the *Beasley* case, primarily because I thought the workmen's compensation carrier which undertook to inspect the premises there could not be sued as a third party tortfeasor, because of the provisions of our workmen's compensation laws.

■ Here, every member who participated in this decision holds that the City of Mobile could not be held liable. The City might be able to hold Palmer and Baker liable for breach of its contract, but I do not believe that Palmer and Baker, under the facts here alleged, owed any duty to the plaintiff, as a member of the public, which was breached.

BLOODWORTH, Justice (dissenting):

■ While I concur in part of the majority opinion authored by Mr. Justice Somerville, I most respectfully dissent from that portion dealing with the judgment against Palmer & Baker Engineers, Inc.

As to defendant Palmer & Baker Engineers, Inc., I would hold the complaint does state a cause of action against this defendant. If the pleading is in some respect defective, such as is suggested in the majority opinion, it appears to me the harmless error rule would govern (Rule 45, Revised Rules of the Supreme Court, 279 Ala. XXI, XLI).

This court has long held, viz:

"* * * Even if the court erred in overruling the demurrer, however, we must review the ruling in light of the rule that overruling a demurrer to a count is not always reversible error. The rule is that if there is some defect of averment in the complaint and the court has erred in holding such pleading good, nevertheless, if there is evidence of the matter so omitted and both parties try the issue as though such allegation were made, and the court instructs the jury that such matters must be proven, and both parties have full opportunity to offer and do offer all the evidence they wish on that issue, we will not reverse the judgment for the error in such ruling on the pleading. Turner v. Blanton, 277 Ala. 536, 540, 173 So.2d 80, and authorities there cited. The error in overruling the demurrer must be held as cured by the clear instructions requiring proof of the omitted allegation. Southern Ry. Co. v. Dickson, 211 Ala. 481, 485, 100 So. 665. There are circumstances, however, when the rule will not apply, as, for example, when the complaint does not state a cause of action without the matter which was omitted. Thompson-Hayward Chemical Co. v. Childress, 277 Ala. 285, 291, 169 So.2d 305; City of Mobile v. McClure, 221 Ala. 51, 53, 127 So. 832." Western Railway of Alabama v. Brown, 280 Ala. 543, 555, 196 So.2d 392, 402.

In the *Western Railway* case, the appellant insisted that neither count stated a cause of action, viz:

"* * * Defendant says that, instead of averring negligence in general terms, plaintiff attempts to state the acts or

omissions of defendant which constitute the breach of duty charged, and that the complaint is demurrable under the rule that, where a complaint avers negligence in general terms and then avers the particular act or acts constituting the alleged negligence without more, unless such act or acts in themselves amount to negligence, the complaint is demurrable. (Citing cases)

\* \* \* \* \* \*

"Defendant says that, in Count One, plaintiff does not allege the breach of any duty owed by defendant to plaintiff in that plaintiff alleged merely that she suffered injury as the proximate result of the 'negligence of the defendant in negligently failing to provide the Plaintiff with a stool or box on which to alight from its said train when such was necessary by reason of the unreasonably high distance from said train to the ground,' without alleging facts which show a duty on defendant to furnish a stool or box. \* \* \*"

The court, in that case, rejected the contention that the complaint failed to state a cause of action. However, it was pointed out, viz:

"We do not hold that the complaint is not defective on some or all of the grounds urged by defendant. \* \* \*"

The court then proceeded to hold, as I have hereinbefore indicated I would hold, that even if there was error in overruling the demurrer, it was not reversible error.

Neither would I reverse for failure of the complaint to sufficiently allege proximate cause nor for failure of the trial court to give the affirmative charge on proximate cause, as to defendant Palmer & Baker Engineers, Inc.

As the majority opinion suggests, our rule is that when the facts presented are such that reasonable men must draw the same conclusion, the question of proximate cause is one of law for the court to determine. Giles v. Gardner, 287 Ala. 166, 169, 249 So.2d 824 (1971). I cannot agree that reasonable men must draw the same conclusion from the facts as to proximate cause here. It is apparent the trial judge reached the same conclusion as I espouse. The dissenting justices are each of the opinion the issue was for the jury. Thus, it is self-evident that a number of judges do not agree that the issue of proximate cause is a matter of law. Generally, it is held to be a jury question. Giles v. Gardner, supra.

■■■ I do not disagree with the principles of law enunciated in the majority opinion as to proximate cause, but I do disagree with their application to the facts in the case at bar.

I also consider the following principles from our decisions to be applicable on the issue of proximate cause, and I would follow them in deciding this issue in this case, viz:

"'The particular principle of proximate cause here pertinent to defendant's liability is: That a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind.

\* \* \* \* \* \*

"'It is not necessary that the defendant should anticipate the injury in the precise form as resulted. Nor need the particular consequences have been within the contemplation of the parties. \* \* \*

"'In line with our decisions on this subject is the statement: "As regards proximate cause \* \* \* the courts look more for the possibility of a hazard of

some form to some person than for the expectation of the particular chance that happened. * * *"'

\* \* \* \* \* \*

" 'When a person by his negligence produces a dangerous condition of things, which does not become active for mischief until another person has operated upon it by the commission of another negligent act, which might not unreasonably be anticipated to occur, the original act of negligence is then regarded as the proximate cause of the injury which finally results. (Citing cases) * * *" Alabama Power Company v. Guy, 281 Ala. 583, 206 So.2d 594 (1968).

"In Chambers v. Cox, 222 Ala. 1, 3, 130 So. 416, 418, we said:

" ' * * * "As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury." * * *'

\* \* \* \* \* \*

"So also in this case, negligence may have existed on the part of others which concurred with the alleged negligence of the appellee to proximately cause the appellant's injury. To recover, the negligence, causing the appellant's injury in this case, need not be the sole proximate cause of her injury, but only its proximate cause, if she was free from negligence contributing thereto. The charge misstates the law and giving it requires a reversal of the case." Shepherd v. Gardner Wholesale, Inc., 288 Ala. 43, 256 So.2d 877.

In conclusion, I would most respectfully dissent from the decision of the majority of the court and would hold that the case ought to be affirmed as to defendant Palmer & Baker Engineers, Inc.

HEFLIN, C. J., and MERRILL, J., concur.