PER CURIAM.
The sole question on appeal is whether the trial court properly granted the defendants’ Rule 12(b)(6), Ala.R.Civ.P., motion which resulted in the dismissal of the plaintiffs’ negligence claim. We conclude that the trial court’s action was improper and reverse.
The plaintiffs are Ann Adcock and William A. Adcock, Sr., wife and husband. Ann Adcock, who was an employee of Columbia General Hospital and Nursing Home, Inc., in Covington County, filed a negligence action, for injuries that she alleged she received during the course of her employment, against Janell Windham, director of nurses, Jean Ray, assistant administrator of the nursing home, and Sybil Sox, administrator of the nursing home, as well as other named and fictitious defendants. The complaint also alleged, on behalf of William Adcock, a loss of consortium.
On June 16, 1983, the defendants filed a 12(b)(6) motion, which the trial court granted on August 1, 1983. The plaintiffs then, in timely fashion, amended their complaint, whereupon the defendants filed another 12(b)(6) motion. This motion was likewise granted by the trial court and the Adcocks now appeal.
The pertinent portion of the plaintiffs’ amended complaint was as follows:
“... [I]n May, 1982, [Ann Adcock] was working in Columbia General Hospital and Nursing Home, Inc., in Covington County, Alabama, caring for patients in the nursing home. Said plaintiff alleges that a fellow employee had restrained an elderly patient in a chair using improper restraints, no proper restraints being available or provided, and that said elderly patient got free of said improper restraints, stood up and began to fall whereupon said plaintiff caught said elderly patient. Said plaintiff was pulled down in keeping said elderly patient from falling to the floor whereupon said plaintiff was caused to suffer serious injury to her back and spine. Plaintiff further alleges that no proper patient restraints were provided for her and her fellow employees to use in restraining patients; that defendants knew that proper restraints existed and should have been provided; that in said absence of proper restraints, it was long-standing practice to use improper restraints; and that such use of improper restraints created a dangerous condition for both patients and employees such as plaintiff Ann Adcock. Said plaintiffs allege that the defendants were responsible for providing her with a *459 safe workplace and for seeing that proper equipment, including proper patient restraints, was provided.”
The three essential elements of a complaint alleging negligence are: (1) a legal duty; (2) an injury; and (3) a breach of that legal duty which is the proximate cause of the injury. See T G & Y Stores v. Atchley, 414 So.2d 912, 914 (Ala.1982). The absence of any of these elements renders a complaint bad or the evidence insufficient. City of Mobile v. Havard, 289 Ala. 532, 536, 268 So.2d 805, 808 (1972).
Applying the elementary principles of tort law to the facts alleged in the complaint, we must first consider whether the complaint in its present form fails to state a claim upon which relief can be granted and, if so, whether the trial court correctly determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make.
In Bowling v. Pow, 293 Ala. 178, 301 So.2d 55 (Ala.1974), this Court set out the rule of law applicable when the trial court considers a motion to dismiss. There, the Court opined:
“The adoption of the Alabama Rules of Civil Procedure precludes us from testing the sufficiency of the complaint by a rule that formerly governed, that a complaint challenged by demurrer should be construed against the plaintiff, if the complaint is reasonably subject to such a construction. By adoption of the Alabama Rules of Civil Procedure, the opposite principle of construction obtains, following the established principle set forth in DeWitt [v. Pail, 366 F.2d 682, 686 (9th Cir.1966)], as follows:
“ ‘A complaint is not subject to dismissal upon the ground that it fails to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 647. In applying this test it is to be borne in mind that the spirit of the Federal Rules of Civil Procedure requires us to construe the pleadings most strongly in favor of the pleader. Metropolitan Life Ins. Co. v. Fugate, 5 Cir., 313 F.2d 788, 795. A liberal construction of the pleadings is especially called for where they were prepared by a layman, Downing v. New Mexico State Supreme Court, 10 Cir., 339 F.2d 435, 436.’
“In 1 Lyons, Alabama Practice, Rules of Civil Procedure Annotated 96-97, is the following succinct statement of the controlling principle of construction of pleadings:
“ ‘Rule 8 is expressly intended to repudiate the long standing doctrine in Alabama of construing the pleadings strictly against the pleader, when ruling on demurrer. See Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443 (1933); Richards v. Richards, 98 Ala. 599, 12 So. 817 (1892); Childress v. Miller, 4 Ala. 447 (1842). According to Rule 8(f), the goal of the proposed rule is to construe the pleadings so as to do substantial justice. “In appraising the sufficiency of the complaint we follow ... the accepted rule that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Dennis v. Village of Tonka Bay, 151 F.2d 411 (2d Cir.1944); 5 Wright and Miller, Federal Practice and Procedure, §§ 1220, 1286 (1969).’ ”
293 Ala. at 186, 301 So.2d at 62 (1974).
The proper dismissal of a complaint for failure to state a cause of action is rare in negligence cases. We conclude that it is not beyond doubt that plaintiffs can prove no set of facts in support of their claim; therefore, we hold that the court’s action in dismissing the complaint was improper in this case, and consequently, we reverse the judgment and remand the cause to the trial *460 court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ. concur.
MADDOX and FAULKNER, JJ., dissent.