MADDOX, Justice
(dissenting).
Although I am quite aware of the strict rule which we use to determine whether a complaint can be dismissed for failure to state a claim, it appears to me that as to the complaint in this case, which sets out in some detail how the alleged negligence occurred, dismissal was appropriate.
Under the facts as alleged in the complaint, I would hold that the defendants were not bound to anticipate or foresee that plaintiff Ann Adcock would be injured. Stated another way, she was not “a member of the foreseeable class and was [not] injured in the precise manner which the exercise of that degree of care imposed on the [defendants] would have protected her against.” Alabama Power Co. v. Taylor, 293 Ala. 484, 498, 306 So.2d 236, 249 (1975).
In Alabama, foreseeability is the cornerstone of proximate cause. Alabama Power Co. v. Taylor, supra. Moreover, when the facts of a case are such that reasonable men must draw the same conclusion, the question of proximate cause is one of law for the courts. City of Mobile v. Havard, 289 Ala. at 532, 538, 268 So.2d 805, 810 (1972); Morgan v. City of Tuscaloosa, 268 Ala. 493, 496, 108 So.2d 342, 345 (1959).
In City of Mobile v. Havard, this Court held:
“For an act to constitute actionable negligence, there must be not only some causal connection between the negligent act complained of and the injury suffered, but also the connection must be by a natural and unbroken sequence, without intervening, efficient causes, so that, but for the negligence of the defendant, the injury would not have occurred. The negligence must not only be a cause, it must be the proximate cause of injury. Western Railway of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316; Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388.
“Where it is determined that some pri- or negligent act merely created the condition or gave rise to the occasion and after the creation of said condition an intervening, independent agency produces an injury, the party guilty of the first negligent act is not liable because his negligence was but a remote cause of the injury. Louisville & N.R. Co. v. Maddox, 236 Ala. 594, 183 So. 849, 118 A.L.R. 1318; Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667.”
289 Ala. at 538, 268 So.2d at 810.
I realize that a judgment dismissing a complaint is rarely appropriate in a negligence action; nevertheless, I would conclude from the facts as alleged by plaintiffs in their complaint, that there was no causal connection between the alleged failure of the defendants to provide proper chair restraints for nursing home patients and the injury complained of. Construing the allegations of the complaint favorably to the plaintiffs, it is undisputed that plaintiff Ann Adcock allegedly injured her back when she caught an elderly patient as the patient “began to fall” and “was pulled down in keeping said elderly patient from falling to the floor.” Although the restraints holding the patient may have been deficient, and although the patient’s actions in freeing herself, attempting to stand, and then falling, may have been reasonably foreseeable, I do not believe that this plaintiffs back injury was reasonably foreseeable. Clearly, she was not “injured in the precise manner which the exercise of that degree of care imposed on the [defendants] would have protected her against.” Alabama Power Co. v. Taylor, supra.
While the'issue of proximate cause is almost always one for the jury to decide after having been properly instructed, Roberts v. Meeks, 397 So.2d 111, 114 (Ala.1981), where each count of a complaint shows on its face that there is no causal connection *461 between the alleged negligent act and the injury complained of, it is the duty of the trial court to dismiss the complaint for its failure to state a claim against the defendant upon which relief can be granted. See City of Mobile v. Havard, supra, 289 Ala. at 537, 268 So.2d at 809; Morgan v. City of Tuscaloosa, supra, 268 Ala. at 496, 108 So.2d at 345; see also Rule 12(b)(6), Ala.R. Civ.P.
For the reasons stated above, I think that the complaint in the instant action was insufficient to survive a motion to dismiss; therefore, I would affirm the judgment of' dismissal by the trial court.
FAULKNER, J., concurs.